UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-90530 (arp) |
| **Diamond G Inspection, Inc.** | § | |
| | § | Chapter 7 |
| Debtor. | § | |

### TRUSTEE'S EMERGENCY (I) APPLICATION TO EMPLOY PLANT & MACHINERY, INC. AS AUCTIONEER AND (II) MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS & CLAIMS PURSUANT TO 11 U.S.C. §§ 363(b)

> THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.
>
> **EMERGENCY RELIEF IS REQUESTED. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as duly appointed Chapter 7 trustee ("**Trustee**") for the bankruptcy estate of Diamond G Inspection, Inc. ("**Debtor**"), files this *Trustee's*

*Emergency (i) Application to Employ Plant & Machinery, Inc. as Auctioneer and (ii) Motion to Sell Property of the Estate Free and Clear of Liens & Claims pursuant to 11 U.S.C. §§ 363(b)* ("**Application**"). In support of this Application, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges,* General Order 2012-6 (S.D. Tex. May 24, 2012). This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a), 327, 363, and 365, 503 of the Bankruptcy Code,[1] and Rules 2002, 2014, 4001, 6004, 6005 and 9019 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1 of the Local Rules.[2]

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Employment of professionals and sales of property of the estate and compromises under Rule 9019 concern the administration of this bankruptcy estate and are core matters under the Bankruptcy Code. There is no equivalent in state law for the relief sought, thereby rendering the Supreme Court's opinion in *Stern v. Marshall*[3] inapplicable.

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

[2] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

[3] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S. D. Tex. 2012) (discussing *See Stern v. Marshall*, 564 U.S. 462 (2011)).

In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception.[4]

## BACKGROUND

A. **THE DEBTORS' BACKGROUND AND THE DEBTORS' OPERATIONS**

5. A voluntary petition in the above-styled and numbered bankruptcy case was filed on October 9, 2024 ("**Petition Date**") under chapter 11 of the Bankruptcy Code and commenced the chapter 11 case ("**Chapter 11 Case**").[5]

6. Additional information regarding the circumstances leading to the commencement of the Chapter 11 Case and the Debtor's business and capital structure is set forth in the Steen Declaration filed on October 10, 2024.[6]

7. Thereafter, the Debtor filed a Motion to convert the Chapter 11 Case to a chapter 7 case, which was approved by Order dated November 19, 2024.[7]

B. **THE CHAPTER 7 CASE**

8. Upon the Conversion, the Chapter 11 Case became a Chapter 7 case ("**Chapter 7 Case**").

9. Thereafter the United States Trustee appointed the Trustee.

## SUMMARY OF RELIEF REQUESTED

10. The Trustee seeks to employ Plant & Machinery, Inc. ("**PMI**") to conduct one

---

[4] *Id.*

[5] ECF No. 1.

[6] ECF No. 13.

[7] ECF Nos. 40 and 42.

or more auctions of personal property of the bankruptcy estate and to sell the property free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §§ 363(b) and (f).

11. The personal property which the Trustee seeks to employ PMI to auction is the Debtor's property generally listed in Schedule A|B, as amended ("**Assets**").[8] The Trustee asserts that it is necessary and in the best interest of the estate and its creditors to liquidate the Assets free and clear of all liens, claims, and encumbrances at public sale.

## APPLICATION TO EMPLOY PMI

### A. 11 U.S.C. § 327(a)

12. The Trustee requests authority to employ PMI pursuant to § 327. Employment of auctioneers is governed by § 327 and Rule 2014. Specifically, § 327(a) provides:

> "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

13. PMI does not hold an "interest" adverse to the Debtor's estate as it does not possess any economic interest that would tend to lessen the value of the estates or create an actual or potential dispute in which the Estate is a rival claimant.[9] Additionally, PMI and its professionals are disinterested persons as that term is defined in §101(14) in that PMI and all officers, directors, members, and employees associated therewith:

   a. are not creditors, equity security holders, or insiders of the Debtor;

   b. are not and were not, within two years before the date of the filing of

---

[8] ECF No. 57.
[9] *See*, e.g., *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994).

>   the petition, directors, officers, or employees of the Debtor; and
>
>   c. do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

14. PMI has not been retained to assist any entity or person other than the Trustee in this bankruptcy case. If the Court approves the retention of PMI, it will not perform any service in this bankruptcy case for any entity or person other than the Trustee.

## B. BANKRUPTCY RULE 2014

15. Rule 2014(a) provides:

> . . . The application [to employ a professional person] shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

In satisfaction of these requirements, the Trustee has included this Application the Affidavit of Ronald G. Moore, attached hereto as **Exhibit A**.

16. The Trustee needs an auctioneer in this case to conduct an auction sale in accordance with the United States Trustee's Guidelines. PMI is in all respects qualified to render such services, is on the list of approved auctioneers maintained by the United States Trustee and subscribes to the blanket bond arranged by the United States Trustee. PMI is

familiar with the United States Trustee's guidelines for the conduct of auction sales. PMI has been in the auction business for many years and regularly conducts auctions for Chapter 7 trustees in the Houston area. PMI regularly conducts auction sales of property similar to the type owned by the estate and by the means proposed.

17.    PMI will sell the Assets by online auction commencing on or about February 27, 2025. An online auction is a timed auction that takes place on the internet and can be accessed through www.pmi-auctions.com. The same advertising and preparation used in a traditional onsite auction are employed in the online auction process.

18.    PMI will not charge a direct commission to the Trustee, but rather will charge a 15% buyer's premium will be collected from each purchaser and will be the compensation received by PMI in accordance with the United States Trustee's Guidelines. PMI also uses bidspotter.com as the software provider supplying the platform for PMI to conduct the sale. This provider charges a 3% buyer's premium in addition to the 15% charged by PMI. PMI and bidspotter.com will retain their 18% buyer's premiums. PMI will also charge Trustee for expenses in direct connection with the auction sale, which are estimated as $29,201 and detailed on PMI's proposed Agreement related to the auction and employment, attached as **Exhibit B**. PMI will advance all such expenses. PMI will also provide a full accounting of all sums collected which will be included in the Trustee's report of sale. The auctioneer agrees to disburse all auction proceeds to the Trustee within 20 days of the sale's conclusion.

### MOTION TO SELL PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 363(B) AND (F)

19.    If the Court approves the Trustee's retention of PMI, she requests

authorization to sell the Assets (a) on an "AS IS WHERE IS" basis, with no representations or warranties of any kind, express or implied, including, but not limited to, merchantability or fitness for a particular purpose and (b) free and clear of liens, claims and encumbrances pursuant to 11 U.S.C. § 363(b) and (f). The Trustee is not aware of any liens, claims or encumbrances affecting the Assets.

20. After closing of all sales, the Trustee requests authorization for PMI to deduct its expenses, up to $29,201.00, as reimbursement for all reasonable, actual out of pocket expenses incurred as a result of the auction.[10]

## WAIVER OF RULE 6004(A) AND (H)

21. The Trustee further requests that the Court enter an order providing that notice of the relief requested herein satisfies Rule 6004(a) and that the Trustee has established cause to exclude such relief from the 14–day stay period under Rule 6004(h) as the auction may occur less than 14-days from entry of an order granting the relief requested herein.

## EMERGENCY CONSIDERATION

22. Emergency consideration is requested because the auction is set to occur in approximately 30 days, the Trustee requests Emergency relief to allow the auction to occur and subsequently to sell the underlying real property (a separate motion will be filed for this relief). Relief is requested by on or before January 31, 2025.

---

[10] See **Exhibit B**.

## **CONCLUSION**

WHEREFORE, the Trustee requests that she be authorized (i) to employ Plant & Machinery, Inc. as auctioneer and that Plant & Machinery, Inc. be allowed to deduct their incurred expenses from the auction proceeds to be remitted to the Trustee; (ii) to conduct a Court approved auction to sell all personal property assets of the estate; free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(b); and (iii) that she be granted such other and further relief as the Court deems appropriate.

Dated: January 23, 2025            Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.658.1818
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

*Counsel for Allison D. Byman,*
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 23, 2025, a true and correct copy of the foregoing Application was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by first-class, postage pre-paid United States mail on creditors listed on the attached matrix.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## BLR 9013-1(i) CERTIFICATE

Pursuant to BLR 9013-1(i), I hereby certify that the information contained in the foregoing document with respect to the need for Emergency relief is true and correct to the best of my knowledge.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## CERTIFICATE OF ACCURACY

I certify that the facts and circumstances described in the above pleading giving rise to the Emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Jarrod B. Martin*
Jarrod B. Martin